**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GREGORY LURIK** | : | **CIVIL ACTION** |
| 747 Sanford Street | : | |
| Philadelphia, PA 19116 | : | **NO.:** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **vs.** | : | **BENCH TRIAL** |
| | : | **(28 U.S.C. § 2402)** |
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |
| | : | |

## COMPLAINT IN CIVIL ACTION

Plaintiff Gregory Lurik, by and through his attorney, Ronald S. Pollack, Esquire, of Pollack Law, LLC, brings the above-captioned civil action against Defendant United State of America, and aver as follows:

## I.   THE PARTIES

1.   Plaintiff Gregory Lurik is an adult individual who, at all times material hereto, presently resides at the above-captioned address.

2.   Defendant United States of America is sovereign entity that, at all times material hereto, performs it federal governmental functions through its departments, agencies, instrumentalities, and/or independent establishments, acting through its officers, agents,

servants, employees, and/or persons acting on its behalf, within the course and scope of their federal employment.

3. Defendant United States of America, pursuant to the Federal Tort Claims Act, is subject to civil actions for money damages arising out of the negligent, careless, and/or wrongful conduct of any officer, agent, servant, and/or employee acting within the course and scope of their federal employment. 28 U.S.C. §§ 1346(b), 2671-2680.

4. The United States Postal Service (USPS) is, at all times material hereto, an agency, department, instrumentality, and/or independent establishment of the government of the United States, responsible for performing postal functions and services, including delivering, accepting, collecting, sorting, transporting, and/or handling mail and/or other postal matter, within, throughout, and across the United States of America.

5. At all times material hereto, the United States Postal Service is an independent establishment of the executive branch of the government of the United States, pursuant to 39 U.S.C. § 201.

6. At all times material hereto, the United States Postal Service is a "federal agency" of the United States, as defined by 28 U.S.C. § 2671.

7. Yahmir McGhee, a/k/a Yahmir Miyakee Lee McGhee (hereinafter only identified as "Yahmir McGhee or Mr. McGhee"), is an adult individual

who, at all times material hereto, upon information and belief after reasonable investigation, is and/or was an agent, servant, and/or employee of the United States Postal Service, located at 9925 Bustleton Avenue, Philadelphia, Pennsylvania 19115.

8. At all times material hereto, Mr. McGhee, as an employee, agent, and/or person acting on behalf of a federal agency, is and/or was an "employee of the Government," as defined by 28 U.S.C. § 2671.

9. At all times material hereto, Yahmir McGhee was operating the USPS vehicle within the scope of his office or employment with United States Postal Service.

10. Pursuant to 39 U.S.C. § 409(c) and 28 U.S.C. § 2679(b), the United States of America is exclusively liable for the negligence and/or carelessness of agent and/or employee of the United States Postal Service, acting within the course and scope of their office or employment, to the same extent as a private employer under the laws of the Commonwealth of Pennsylvania.

## II.  **JURISDICTION AND VENUE**

11. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1346(b)(1), which vests the United States district courts with exclusive jurisdiction over civil actions against the United States for money damages for personal injury caused by the negligent, careless, and/or wrongful conduct of any government employee while acting

within the course and scope of their office or employment, under circumstances where a private person would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

12. Additionally, this Court has jurisdiction pursuant to 39 U.S.C. § 409(a), which vests the United States district courts jurisdiction over all actions brought by or against the United States Postal Service.

13. Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1402(b), which provides that venue is proper in a civil action on a tort claim brought against the United States only in the judicial district where the plaintiff resides or where the act or omission occurred.

14. Plaintiff Gregory Lurik presently resides within the Eastern District of Pennsylvania at 747 Sanford Street, Philadelphia, Pennsylvania 19116.

15. The above-captioned action occurred as the result of motor vehicle collision that occurred within the Eastern District of Pennsylvania, in Philadelphia, Pennsylvania.

16. Philadelphia lies within the United States District Court for the Eastern District of Pennsylvania. 28 U.S.C. § 118(a).

## III. **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

17. On or about August 17, 2024, Plaintiff Gregory Lurik submitted his administrative claim USPS for money damages for personal injuries arising out of the subject motor vehicle collision, in accordance with 28 U.S.C. § 2675(a). A copy of Standard Form 95 is attached hereto as Exhibit "1."

18. Pursuant to 28 U.S.C. § 2675(a), a civil lawsuit against the United States may not be instituted in federal court until the appropriate federal agency has made a final disposition of the claim, or six (6) months have passed from the date of presenting the claim without a final disposition.

19. The aforementioned form was sent by Certified Mail and Registered Mail to the USPS Post Office located at 9925 Bustleton Avenue, Philadelphia, Pennsylvania.

20. On or about August 24, 2024, Plaintiff's administrative claim was delivered and received at the USPS Post Office located at 9925 Bustleton Avenue, Philadelphia, Pennsylvania 19115. A copy of the Return Receipt and Tracking Information is attached hereto as Exhibit "2."

21. Accordingly, more than six (6) months have passed since Plaintiff's claim was received by the USPS and final disposition of said claim has not been made.

22. The failure of an agency to make a final disposition of a claim within six months after it is filed shall, at the option of the claimant any time, thereafter, be deemed a final denial of the claim for purposes of satisfying the requirements of 28 U.S.C. § 2675(a).

23. Plaintiff Gregory Lurik hereby exercises his option, under 28 U.S.C. § 2675(a), to make USPS's failure to make a final disposition of his administrative claim as a final denial thereof.

24. Plaintiff Gregory Lurik has fully exhausted all administrative remedies and complied with all statutory requirements as a perquisite for commencing the within civil action.

25. The above-captioned civil action is timely commenced within two (2) years of the date of the subject motor vehicle collision, July 21, 2024, and within the time permitted following the deemed denial of Plaintiff's administrative claim, pursuant to 28 U.S.C. § 2401(b).

26. This action does not seek damages in excess of the sum certain presented in Plaintiff's administrative claim, except to the extent permitted by 28 U.S.C. § 2675(b) based upon newly discovered evidence or intervening facts relating to the amount of Plaintiff's claim.

IV. **THE FACTS**

27. Plaintiff Gregory Lurik incorporates by reference the allegations contained in paragraphs one (1) through twenty-six (26), as if each were set forth at length herein, in conformity with F.R.C.P. 10(c).

28. The above-captioned action occurred as a result of a motor vehicle collision that occurred on Bustleton Avenue at, about, around, or approaching its intersection with Fulmer Street, Philadelphia, Pennsylvania 19115.

29. The subject collision occurred on or about July 21, 2024.

30. The subject collision occurred at approximately 5:05 P.M., otherwise known in military time as 1705 hours.

31. On or about July 21, 2024, at approximately 5:05 P.M., Plaintiff Gregory Lurik was the operator of a motor vehicle that was stopped for a red traffic signal on Bustle Avenue at, about, around, or approaching its intersection with Fulmer Street, Philadelphia, Pennsylvania.

32. The vehicle being operated by Plaintiff Gregory Lurik was a Dark Blue 2020 Mazda Six.

33. The vehicle being operated by Plaintiff was also owned by Plaintiff Gregory Lurik.

34. Upon information and belief, Plaintiff's vehicle had no mechanical defects prior to the subject collision.

35.  Upon information and belief, Plaintiff's vehicle had no known damage in the area of the collision about which Plaintiff was aware prior to the subject collision.

36.  At the same date, time, and place aforesaid, Plaintiff Gregory Lurik was operating his vehicle as an agent, servant, contractor, subcontractor, and/or independent contractor of the rideshare companies, Uber and/or Lyft.

37.  At the same date, time, and place aforesaid, Plaintiff Gregory Lurik was transporting Uber/Lyft passenger(s) seated in the rear seats of Plaintiff's vehicle.

38.  At the same date, time and place aforesaid, Yahmir McGhee was the operator of a USPS vehicle traveling on Bustleton Avenue at, about, around, or approaching its intersection with Fulmer Street, Philadelphia, Pennsylvania 19115.

39.  At all times material hereto, upon information and belief, Defendant United States of America, by and/or through USPS, owned, operated, possessed, leased, maintained, permitted the use on its behalf and/or on behalf of the United States Postal Service, and/or controlled the vehicle being Mr. McGhee.

40.  At all times material hereto, upon information and belief, Mr. McGhee was the authorized agent, servant, employee, and/or person acting on behalf of Defendant United States of America, by and/or through

the United States Postal Service, over whom Defendant had control and responsibility.

41. At all times material hereto, Mr. McGhee was operating the USPS vehicle within the course and scope of his office and/or employment, authority, and/or with Defendant's express, implied, and/or apparent permission, authorization, and/or consent.

42. At the time of the subject collision, Defendant's vehicle had a United States Postal Service Vehicle Number of 8217244.

43. The following is a fair and accurate depiction or representation of Defendant's vehicle on the date of the subject collision.



44. At all relevant times Defendant's vehicle had a curb weight of approximately 2,700 pounds.

45. On the date of the subject collision, there were no mechanical defects with Defendant's vehicle.

46. At the same date, time, and place aforesaid, Mr. McGhee was operating Defendant's vehicle on Bustleton Avenue at, about, around, or approaching its intersection with Fulmer Street, Philadelphia, Pennsylvania 19115.

47. At the same date, time, and place aforesaid, Plaintiff Gregory Lurik was the operator of his motor vehicle that was stopped for a red traffic signal on Bustleton Avenue at, about, around or approaching its intersection with Fulmer Street.

48. At the same date, time, and place aforesaid, Mr. McGhee was operating Defendant's vehicle in the same lane of travel directly behind Plaintiff Gregory Lurik's vehicle on Bustleton Avenue at, about, around, or approaching its intersection with Fulmer Street.

49. At the same date, time, and place, Mr. McGhee was using his cell phone and/or another interactive mobile while he was operating the USPS vehicle traveling on Bustleton Avenue at, about, around, or approaching its intersection with Fulmer Street.

50. At the same date, time, and place aforesaid, Mr. McGhee, as the operator of Defendant's vehicle, did not bring his vehicle to a complete stop for the vehicles stopped ahead of him for the red traffic signal and collided with Plaintiff Gregory Lurik's vehicle.

51. The front of Defendant's vehicle crashed into the rear of Plaintiff Gregory Lurik's stopped vehicle.

52. The subject collision caused observable damage to Plaintiff's vehicle.

53. At all times material hereto, the weather conditions were clear.

54. At all times material hereto, the roadway was dry.

55. At all times material hereto, the roadway was illuminated by daylight.

56. The following is a fair and accurate overhead depiction or representation of Bustleton Avenue at, about, around, and/or approaching its intersection with Fulmer Street, Philadelphia, Pennsylvania 19115, as it relates to the subject collision.



57. At the same date, time, and place aforesaid, Plaintiff Gregory Lurik's vehicle was at a complete stop for a red traffic signal on Bustleton Avenue at, about, around, or approaching its intersection with Fulmer Street.

58. At the same date, time, and place aforesaid, Mr. McGhee was operating the vehicle traveling directly behind Plaintiff's stopped vehicle.

59. At the time of the collision, Plaintiff's vehicle was at a complete stop.

60. At all times material hereto, Mr. McGhee had a clear view of the vehicles of the vehicles traveling directly ahead of him.

61. At all times material hereto, Mr. McGhee had a clear view of the vehicles slowing down, stopping, and/or stopped ahead of him.

62. At all times material hereto, Mr. McGhee had a clear view of the governing traffic control devices ahead of him,

63. At all times material hereto, there were no obstructions blocking Mr. McGhee's view of Plaintiff's vehicle stopped for the red traffic signal in front of him.

64. At all times material hereto, Mr. McGhee knew that he must operate the motor vehicle he is driving safely.

65. At all times material hereto, Mr. McGhee knew that he must not drive carelessly.

66. At all times material hereto, Mr. McGhee knew that he is not allowed to needlessly endanger occupants of other motor vehicles on the roadways on which he is traveling.

67. At all times material hereto, Mr. McGhee knew that he must refrain from

68. At all times material hereto, Mr. McGhee knew that he must refrain from using handheld electronic mobile devices while operating a motor vehicle on the roadways.

69. At all times material hereto, Mr. McGhee knew that he must operate his vehicle in such a manner as to protect others, on and/or about the roadways from harm.

70. At all times material hereto, as an operator of a motor vehicle, Mr. McGhee knew that he must take necessary actions to avoid colliding with other vehicles on the roadways and highways on which he is traveling.

71. At all times material hereto, as an operator of a motor vehicle, Mr. McGhee knew that he must make proper observations.

72. At all times material hereto, as an operator of a motor vehicle, Mr. McGhee knew that he must keep his vehicle under control.

73. At all times material hereto, as an operator of a motor vehicle, Mr. McGhee knew that he must not follow other vehicles too closely.

74. At all times material hereto, as an operator of a motor vehicle, Mr. McGhee knew that he must operate his vehicle at a speed which allows him to stop within the distance that he can clearly see ahead.

75. At all times material hereto, as an operator of a motor vehicle, Mr. McGhee knew that he must operate his vehicle at a speed appropriate for the conditions about him.

76. At all times material hereto, as an operator of a motor vehicle, Mr. McGhee knew that he must be attentive.

77. At all times material hereto, as an operator of a motor vehicle, Mr. McGhee knew that he must utilize his sense of sight to properly evaluate the conditions about him.

78. At all times material hereto, as an operator of a motor vehicle, Mr. McGhee knew that he must utilize his sense of sight to properly operate a motor vehicle.

79. At all times material hereto, as an operator of a motor vehicle, Mr. McGhee knew that he must obey and follow the traffic controls and signs of the roadways on which he travels.

80. At all times material hereto, Mr. McGhee knew that was driver's license was required to be permitted to operate a motor vehicle on the roadways of the Commonwealth of Pennsylvania.

81. At all times material hereto, Yahmir McGhee had a Commonwealth of Pennsylvania driver's license.

82. On the date of the subject collision, Mr. McGhee's driver's license had a license number of 33600907.

83. At all times material hereto, as a licensed operator of a motor vehicle on the roadways of the Commonwealth of Pennsylvania, Yahmir McGhee knew that he was governed by the laws of the Commonwealth of Pennsylvania regarding the rules of the road.

84. At all times material hereto, as a licensed operator of a motor vehicle on the roadways of the Commonwealth of Pennsylvania, Yahmir McGhee knew that he was governed by the laws of the Commonwealth of Pennsylvania regarding the operation of vehicles on the roadways of the Commonwealth of Pennsylvania.

85. At all times material hereto, as licensed operator of a motor vehicle on the roadways of the Commonwealth of Pennsylvania, Yahmir McGhee knew that he was governed by 75 Pa.C.S.A. § 3714 "Careless driving."

86. At all times material hereto, as a licensed operator of a motor vehicle on the roadways of the Commonwealth of Pennsylvania, Yahmir McGhee knew that he was governed by 75 Pa.C.S.A. § 3361 "Driving vehicle at safe speed."

87. At all times material hereto, as a licensed operator of a motor vehicle on the roadways of the Commonwealth of Pennsylvania, Yahmir McGhee knew that he was governed by 75 Pa.C.S.A. § 3310 "Following too closely."

88. At all times material hereto, as a licensed operator of a motor vehicle on the roadways of the Commonwealth of Pennsylvania, Yahmir McGhee knew that he was governed by 75 Pa.C.S.A. § 3316 "Prohibiting text-based communication."

89. The aforesaid collision was caused by the negligence and carelessness of Defendant United States, by and/or through the United States Postal Service and Mr. McGhee, as an employee, agent, and/or person acting on behalf of USPS, as indicated herein above and/or herein below, and was not due to any act or failure to act on the part of Plaintiff Gregory Lurik.

90. As a result of the foregoing events, Plaintiff Gregory Lurik sustained bodily injuries and damages as more fully described herein.

## V.   THE CLAIMS

### COUNT ONE

### PLAINTIFF GREGORY LURIK v. UNITED STATES OF AMERICA
### (NEGLIGENCE)

91. Plaintiff Gregory Lurik incorporates by reference the allegations contained in paragraphs one (1) through ninety (90), as if each were set forth at length herein, in conformity with F.R.C.P. 10(c).

92. Under the Federal Tort Claims Act, the United States is liable for personal injuries resulting from the negligence and carelessness of its officers, employees, and/or persons acting on behalf of a federal agency in an official capacity, in the same manner and to the same extent as a private individual would be liable under similar circumstances. 28 U.S.C. §§ 2674, 1346(b).

93. At all times material hereto, the United States Postal Service, as an independent establishment of Defendant United States, is a federal agency as set forth in 28 U.S.C. § 1346(b). 28 U.S.C. § 2671.

94. At all times material hereto, Yahmir McGhee was an agent and/or employee of the United States Postal Service, operating the USPS vehicle during the course and scope of his employment.

95. Defendant United States of America is therefore, at all times material hereto, liable to Plaintiff Gregory Lurik to the same extent as Mr. McGhee would be under similar and/or like circumstances.

96. At all times material hereto, Defendant United States of America, by and through the United States Postal Service and the negligent and careless conduct of its employee, Yahmir McGhee, was negligent and careless in the operation off their motor vehicle in that Mr. McGhee negligently, carelessly, and improperly neglected to stop, slow down, and/or take appropriate evasive action, as well as neglecting to make proper observations of the vehicles slowing down, stopping, and/or stopped directly ahead of him for the red traffic signal on Bustleton Avenue, using an interactive mobile device while driving, neglecting to maintain a safe distance between its vehicle and the vehicles ahead, and neglecting to operate the motor vehicle at a speed which allowed Defendant's employee to stop within the clear distance ahead of

them, causing Defendant's vehicle to collide with Plaintiff Gregory Lurik's vehicle stopped directly ahead of them.

97. At the aforesaid date, time, and place, the negligence and carelessness of Defendant United State of America, by and/or through the negligence and carelessness of Mr. McGhee, further consisted of the following:

   a. Neglecting to keep the vehicle under proper and adequate control;

   b. Being inattentive;

   c. Neglecting to keep a proper lookout for traffic traveling ahead;

   d. Neglecting to make proper observations;

   e. Neglecting to operate his vehicle with due regard to the rights, safety, and positions of the vehicle in which Plaintiff Gregory Lurik was operating;

   f. Operating a motor vehicle while using an interactive mobile device;

   g. Neglecting to properly observe and pay attention to the roadway around their vehicle and to the vehicles thereon;

   h. Neglecting to slow down and/or stop for the vehicles slowing down, stopping, and/or stopped ahead on Bustleton Avenue;

   i. Traveling at a speed in excess of the allowable conditions;

j.  Neglecting to observe the traffic controls and signs of the roadway;

k.  Violating and/or neglecting to comply with the terms and/or requirements of 75 Pa.C.S.A. § 3714, 3361, 3310, and 3316;

l.  Neglecting to keep the motor vehicle under such control so as to be able to appropriately stop and/or slow down the vehicle without causing a collision;

m. In the event that Defendant United States, by and/or through USPS and/or Yahmir McGhee, alleges or maintains that there existed any form of mechanical defect with the motor vehicle, Defendant was negligent for allowing a dangerous, unsafe, and defective motor vehicle to be operated on the roadway;

n.  In the event that Defendant United States, by and/or through USPS and/or Yahmir McGhee, alleges or maintains that there existed any form of mechanical defect with the motor vehicle, Defendant was negligent for neglecting to inspect the vehicle and/or maintain the vehicle in a safe non-defective manner;

o.  Neglecting to keep the motor vehicle under control so as to be able to appropriately stop, slow down, and/or take appropriate evasive action to avoid causing a collision that results Plaintiff Gregory Lurik's vehicle being struck;

p. Carelessly striking the vehicle directly ahead of Defendant's vehicle, thereby causing that vehicle to strike Plaintiff Gregory Lurik's vehicle;

q. Breaching its duty owed to Plaintiff Gregory Lurik to drive with reasonable care to avoid causing harm to others on the roadway, including Plaintiff Gregory Lurik;

r. Neglecting to operate a motor vehicle in a careful and prudent manner under the circumstances then and there existing;

s. Neglecting to take into consideration the slowing, stopping, and/or stopped traffic ahead;

t. Neglecting to take into consideration the traffic conditions for their direction of travel;

u. Neglecting to take into consideration the traffic control signal and signs for governing its direction of travel;

v. Violating the clear distance ahead rule;

w. Engaging in conduct posing a foreseeable risk of harm; and

x. In the event that Defendant United States of America, by and/or through USPS and/or Yahmir McGhee, claims that they were faced with a sudden emergency, Defendant was negligent for causing any such sudden emergency, and any such sudden emergency was of their own making and was the result of Mr. McGhee's

negligent driving, as outlined herein, thus negating any such ability to claim, or ask a fact finder to consider, such a defense.

98. As a direct and proximate cause of the negligence and carelessness of Defendant United States of America, by and/or through USPS and/or Yahmir McGhee, Plaintiff Gregory Lurik sustained serious and/or permanent injuries to various parts of his body, that may include the bones, muscles, tendons, ligaments, nerves, and tissues, in, of, and/or about his head, neck, shoulder, back, and lower back, including but not limited to, causing, exacerbating, aggravating, and/or accelerating said injuries, as well as other injuries, the extent and nature of which are as yet not fully determined, all of which injuries may be permanent in nature, and have in the past caused, and may in the future cause, Plaintiff Gregroy Lurik great pain and suffering. (It is specifically maintained that this paragraph has been drafted by, and is the language of, Plaintiff's counsel, and is meant to be all encompassing as to the potential injuries suffered by Plaintiff Gregory Lurik, and, in fact, some of the injuries alleged and/or outlined herein may not have actually been suffered. The medical investigation is continuing in this regard.)

99. By reason of aforesaid negligence and carelessness of Defendant United States of America, by and/or through USPS and/or Yahmir McGhee, Plaintiff Gregory Lurik has been in the past, and may in the

future, be obliged to expend sums of money for medicines and medical attention, in and about endeavoring to treat and cure himself of his aforesaid injuries, some or all of which expenditures may not otherwise be recoverable.

100. Plaintiff Gregory Lurik further avers that, as a result of the aforesaid collision, he has in the past, and may in the future be, unable to attend his normal and usual duties, occupations, and avocations, to his great financial damage and loss, including but not limited to lost wages, incomes, and loss of essential services.

101. Plaintiff Gregory Lurik further avers that, as a result of the aforesaid collision he has in the past, is presently, and may in the future, be caused to suffer a loss of life's pleasures.

102. Plaintiff Gregory Lurik further avers that, as a result of the aforesaid collision, he may suffer a loss of earning capacity, and/or a future loss of his earning capacity, to his great financial damage and loss.

103. Plaintiff Gregory Lurik further avers that, as a result of the aforesaid collision, he has suffered in the past and will suffer in the future physical and emotional pain and suffering, mental anguish concomitant with his physical injuries and humiliation, disability, loss of ability to enjoy the pleasures of life, and/or disfigurement.

104. Plaintiff Gregory Lurik further avers that, as a result of the aforesaid collision, he suffered property damage, and with regard to the cost of

repairs, diminution of value relative to his vehicle, and/or rental expenses, all of some said expenses remain outstanding at this time and as such, he is entitled to reimbursement for said damages.

105. Plaintiff Gregory Lurik maintains that he is governed by the "Full Tort" threshold, as the operator of a commercial vehicle actively transporting passengers, and need not prove the extent and nature of his injuries to recover non-economic damages.

106. Plaintiff Gregory Lurik further maintains that, in the event that it is determined he is governed by the "limited tort" threshold, this averment not being an admission and all proofs being the responsibility of Defendant, said threshold would not limit Plaintiff's entitlement to non-economic damages, due to the fact that as a result of the subject collision, he suffered a serious injury in that he suffered a personal injury resulting in a serious impairment of one or more body function(s) and those injuries have had an impact on his ability to engage in his normal and daily activities.

107. Plaintiff Gregory Lurik avers that the injuries, harms, losses, damages, and economic losses he sustained as a result of the aforesaid collision were caused solely by the negligence and carelessness of Defendant United States of America, by and/or through USPS and the negligence and carelessness of Yahmir McGhee.

**WHEREFORE,** Plaintiff Gregory Lurik demands judgment in his favor and against Defendant United States of America, for compensatory damages, in the sum certain presented in Plaintiff's administrative claim, with additional damages to the extent permitted by 28 U.S.C. § 2675(b) and any other Federal Rule of Civil Procedure and/or substantive law within both the Federal Court and the Commonwealth of Pennsylvania, those costs are permitted by Court Rules and included in a Bill of Costs, and all other relief as the Court deems equitable and just.

## COUNT TWO

## PLAINTIFF GREGORY LURIK v. DEFENDANT UNITED STATES OF AMERICA
### (NEGLIGENCE PER SE)

108. Plaintiff Gregory Lurik incorporates by reference the allegations contained in paragraphs one (1) through one hundred seven (107), as if each were set forth at length herein, in conformity with F.R.C.P. 10(c).

109. At all times relevant to this action, Defendant United States of America, by and/or through USPS and Yahmir McGhee, who was the operator of the USPS vehicle upon the roadways and highways of the Commonwealth of Pennsylvania, was under a statutory duty to operate said vehicle in compliance with all provisions of the Pennsylvania Vehicle Code, 75 Pa.C.S.A. § 101, et seq.

110. The Pennsylvania Vehicle Code was enacted to protect a class of persons, including Plaintiff Gregory Lurik, from the type of harm, including personal injury and property damage losses, that Plaintiff suffered in this collision.

111. At the time and place aforesaid, Defendant United States, by and/or through its agent and/or employee, Yahmir McGhee, in direction violation of the aforementioned statutory duties, operated a motor vehicle in a negligent, careless, and unlawful manner, with said violations constituting negligence as a matter of law (negligence per se).

112. Defendant United States of America, by and/or through Mr. McGhee's violations of the Pennsylvania Vehicle Code, include, but are not limited to, the following:

   a. Violation of 75 Pa.C.S.A. § 3714 (Careless driving): This section prohibits driving a vehicle in careless disregard for the safety of persons or property. Defendant breached this statutory duty, by and/or through Mr. McGhee operating the motor vehicle without due caution and in a manner that directly endangered and harmed Plaintiff Gregory Lurik.

   b. Violation of 75 Pa.C.S.A. § 3361 (Driving vehicle at safe speed): This section requires a driver to refrain from driving a vehicle at a speed greater than is reasonable prudent under the conditions

and having regard to the actual and potential hazards then existing, nor at a speed greater than will permit the driver to bring the vehicle to a stop within the assured clear distance ahead. Defendant breached this statutory duty, by and/or through Mr. McGhee driving too fast for the conditions and being unable to bring the vehicle to a stop within the distance that he could see ahead, thereby causing a collision with Plaintiff's stopped vehicle.

c.  Violation of 75 Pa.C.S.A. § 3310 (Following too closely): This section requires a driver to refrain from following another vehicle more closely than is reasonable and prudent, having due regard for the speed of the vehicles and the traffic upon and the conditions of the roadway and/or highway. Defendant breached this statutory duty, by and/or through Mr. McGhee following too closely to the vehicle ahead of him and being unable to bring his vehicle to a stop without causing a collision, thereby causing a collision with Plaintiff's stopped vehicle.

d.  Violation of 75 Pa.C.S.A. § 3316 (Prohibit text-based communications): This section requires the operator of a motor vehicle on a highway or roadways to refrain from using an interactive mobile device to send, read, or write a text-based communication while the vehicle is in motion. Defendant breached this statutory duty, by and/or through Mr. McGhee using his cell

phone while he was operating a vehicle in motion, thereby causing a collision with Plaintiff's stopped vehicle.

113. Each of the foregoing statutory violations constituted a breach of the duties owed by Defendant United States of America, by and/or through Yahmir McGhee, to Plaintiff Gregory Lurik.

114. As a direct and proximate result of Defendant United States, by and/or through Mr. McGhee's multiple violations of the Pennsylvania Vehicle Code, which constitute negligence per se, Plaintiff Gregory Lurik was caused to suffer the harms, losses, injuries and damages as outlined herein above and incorporated herein as if set forth at length in conformity with F.R.C.P. 10(c).

**WHEREFORE,** Plaintiff Gregory Lurik demands judgment in his favor and against Defendant United States of America, for compensatory damages, in the sum certain presented in Plaintiff's administrative claim, with additional damages to the extent permitted by 28 U.S.C. § 2675(b) and any other Federal Rule of Civil Procedure and/or substantive law within both the Federal Court and the Commonwealth of Pennsylvania, those costs are permitted by Court Rules and included in a Bill of Costs, and all other relief as the Court deems equitable and just.

## COUNT THREE

## PLAINTIFF GREGORY LURIK v. DEFENDANT UNITED STATES OF AMERICA
### (NEGLIGENCE)

115. Plaintiff Gregory Lurik incorporates by reference the allegations contained in paragraphs one (1) through one hundred fourteen (114), as if each were set forth at length herein, in conformity with F.R.C.P. 10(c).

116. At all times material hereto, upon information and belief after reasonable investigation, Defendant United States of America, by and/or through USPS, was, is, and/or may have been the owner of the United States Postal Service vehicle, Vehicle Number 8217244, being operated by Yahmir McGhee.

117. At all times material hereto, Yahmir McGhee was the permissive operator of said motor vehicle as the agent, servant, bailee, and/or employee of Defendant United States of America, by and/or through the United States Postal Service.

118. At all times material hereto, Defendant United States of America, by and/or through USPS, knew and/or should have known, through its officers, agents, servants, employees, and/or persons acting on its behalf in an official capacity, all over whom Defendant United States of America was responsible, that Yahmir McGhee was not suitable and/or fit to operate a motor vehicle under the circumstances, on the date and time of the subject collision.

119. At all times material hereto, the additional negligence and carelessness of Defendant United States of America, by and/or through USPS, further consisted of the following:

    a. Permitting an incompetent driver to operate the motor vehicle;

    b. Neglecting to determine whether Yahmir McGhee possessed the ability, competency, driving skills, and/or possessed the necessary mental and/or physical ability to exercise such driving skills on the date and time of the subject collision;

    c. Neglecting to investigate, neglecting to properly investigate or neglecting to take into consideration the background and/or driving record of Yahmir McGhee;

    d. Allowing Yahmir McGhee to drive the motor vehicle when Defendant United States of America, by and/or through USPS, knew, and/or should have known, that Yahmir McGhee had and/or would have a propensity towards negligence and carelessness, and that the motor vehicle would and/or was likely to be operated in a negligent and/or careless manner;

    e. Neglecting to determine the competency of Yahmir McGhee to operate the subject motor vehicle in use at the time of the aforesaid collision;

f. Neglecting in its authority to control Yahmir McGhee's conduct in regard to the manner in which they were operating the vehicle at the time and place of the collision as described herein;

g. In the event that Defendant United States, by and/or through USPS, alleges or maintains that there existed any form of mechanical defect with their motor vehicle, Defendant was negligent for allowing a dangerous, unsafe, and/or defective motor vehicle to be operated by Yahmir McGhee;

h. In the event that Defendant United States, by and/or through USPS, alleges or maintains that there existed any form of mechanical defect with their motor vehicle, Defendant was negligent for neglecting to inspect their motor vehicle and/or maintain their motor vehicle in a safe, non-defective condition;

i. Negligently and carelessly entrusting the motor vehicle to Yahmir McGhee when they were aware and/or should have been aware of Yahmir McGhee's negligent and/or careless tendencies when operating a motor vehicle; and

j. Negligently hiring, training, and/or supervising their agents, servants, borrowed servants, bailees, employees, workmen, ostensible agents, and/or permissive users of their motor vehicle including Yahmir McGhee in the proper and safe operation of the motor vehicle.

120. As a direct and proximate result of Defendant United States, by and/or through Mr. McGhee's multiple violations of the Pennsylvania Vehicle Code, which constitute negligence per se, Plaintiff Gregory Lurik was caused to suffer the harms, losses, injuries and damages as outlined herein above and incorporated herein as if set forth at length in conformity with F.R.C.P. 10(c).

**WHEREFORE,** Plaintiff Gregory Lurik demands judgment in his favor and against Defendant United States of America, for compensatory damages, in the sum certain presented in Plaintiff's administrative claim, with additional damages to the extent permitted by 28 U.S.C. § 2675(b) and any other Federal Rule of Civil Procedure and/or substantive law within both the Federal Court and the Commonwealth of Pennsylvania, those costs are permitted by Court Rules and included in a Bill of Costs, and all other relief as the Court deems equitable and just.

**COUNT FOUR**

**PLAINTIFF GREGORY LURIK v. DEFENDANT UNITED STATES OF AMERICA**
**(AGENCY)**

121. Plaintiff Gregory Lurik incorporates by reference the allegations contained in paragraphs one (1) through one hundred twenty (120), as if each were set forth at length herein, in conformity with F.R.C.P. 10(c).

122. At all times relative hereto, upon information and belief, Defendant United States of America, by and/or through USPS, was and/or may have been acting through their agent, servant, officer, employee, and/or person acting on its behalf in an official capacity, that being Yahmir McGhee.

123. Defendant United States of America, by and/or through USPS, is therefore liable to Plaintiff Gregory Lurik under the theory of agency.

124. The conduct of Defendant United States of America, by and/or through USPS, and by and through its agent, servant, officer, employee, and/or persons acting on its behalf, that being Yahmir McGhee, caused and contributed to cause Plaintiff Gregory Lurik's injuries, harms, losses, and damages as stated herein above, which are fully incorporated herein by reference pursuant to F.R.C.P. 10(c).

125. As a direct and proximate result of the negligence and careless of Defendant United States, by and/or through USPS, and by and/or through its agent, servant, officer, employee, and/or person acting on its behalf in an official capacity, Plaintiff Gregory Lurik was caused to suffer the injuries, harms, losses, and damages as outlined herein above, which are  fully incorporated herein as if set forth at length in conformity with F.R.C.P. 10(c).

**WHEREFORE,** Plaintiff Gregory Lurik demands judgment in his favor and against Defendant United States of America, for compensatory

damages, in the sum certain presented in Plaintiff's administrative claim, with additional damages to the extent permitted by 28 U.S.C. § 2675(b) and any other Federal Rule of Civil Procedure and/or substantive law within both the Federal Court and the Commonwealth of Pennsylvania, those costs are permitted by Court Rules and included in a Bill of Costs, and all other relief as the Court deems equitable and just.

## COUNT FIVE

## PLAINTIFF GREGORY LURIK v. DEFENDANT UNITED STATES OF AMERICA
## (RESPONDEAT SUPERIOR)

126. Plaintiff Gregory Lurik incorporates by reference the allegations contained in paragraphs one (1) through one hundred twenty-five (125), as if each were set forth at length herein, in conformity with F.R.C.P. 10(c).

127. At all times relative hereto, upon information and belief, Defendant United States of America, by and/or through USPS, was and/or may have been acting through their agent, servant, officer, employee, and/or person acting on its behalf in an official capacity, who was acting within the course and scope of their respective office and/or employment with a federal agency, that being Yahmir McGhee.

128. Defendant United States of America, by and/or through USPS, is therefore liable to Plaintiff Gregory Lurik under the theory of Respondeat Superior.

129. The conduct of Defendant United States of America, by and/or through USPS, and by and through its agent, servant, officer, employee, and/or persons acting on its behalf, as enumerated herein, caused and contributed to cause Plaintiff Gregory Lurik's injuries, harms, losses, and damages as stated herein above, which are fully incorporated herein by reference pursuant to F.R.C.P. 10(c).

130. As a direct and proximate result of the negligence and careless of Defendant United States, by and/or through USPS, and by and/or through its agent, servant, officer, employee, and/or person acting on its behalf in an official capacity, Plaintiff Gregory Lurik was caused to suffer the injuries, harms, losses, and damages as outlined herein above, which are  fully incorporated herein as if set forth at length in conformity with F.R.C.P. 10(c).

WHEREFORE, Plaintiff Gregory Lurik demands judgment in his favor and against Defendant United States of America, for compensatory damages, in the sum certain presented in Plaintiff's administrative claim, with additional damages to the extent permitted by 28 U.S.C. § 2675(b) and any other Federal Rule of Civil Procedure and/or substantive law within both the Federal Court and the Commonwealth of Pennsylvania, those costs are permitted by Court Rules and included in a Bill of Costs, and all other relief as the Court deems equitable and just.

## **<u>DESIGNATION OF TRIAL COUNSEL</u>**

Notice is given that Ronald S. Pollack, Esquire, is hereby designed as trial counsel.

                                    **POLLACK LAW, LLC**


                          BY:    _____
                                 RONALD S. POLLACK, ESQUIRE
Dated: July 21, 2026             Attorney for Plaintiff
                                 PA Attorney ID: 56553
                                 Lower Southampton Village
                                 210 East Street Road, Suite 3A
                                 Feasterville, PA 19053
                                 Tel: (215) 396-9660
                                 Fax: (215) 396-9690
                                 ron@fightingforpeople.com